UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-01140-PLC |
| | ) |
| METROPOLITAN TRANSPORTATION AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Cedric Greene has filed a civil complaint and an application seeking leave to proceed in forma pauperis. The Court will deny the application and dismiss this case for lack of proper venue.

**I.      Facts and Background**

Since March 5, 2025, Greene has filed more than 40 cases pro se and in forma pauperis in this Court.  He sued some defendants repeatedly.  To date, the Court has reviewed most of his cases under 28 U.S.C. § 1915 and dismissed each one before service, citing procedural and jurisdictional defects including improper venue and lack of jurisdiction. In some cases, the Court cited maliciousness as a basis for dismissal, notably on April 14, 2025 in *Greene, et al. v. United States Postal Service*, No. 4:25-cv-00451-RWS. There, the Honorable Rodney W. Sippel determined that Greene had "repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process" and had filed the complaint in that case "as part of a general campaign of harassment, not in a

legitimate attempt to vindicate a cognizable right . . . ." *Id.* at doc. 3.  Undeterred by those dismissals, Greene continued filing similar cases.

Greene has a similar litigation history in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process, and directed its Clerk to refuse to accept future in forma pauperis petitions from him in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In 2024, the United States Court of Federal Claims estimated that Greene had filed more than 300 cases in federal courts throughout the country, and concluded that his abuse of the judicial system precluded him from proceeding in forma pauperis in that court. *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024). In *Greene v. Sprint Nextel Corp.*, the United States Court of Appeals for the Tenth Circuit noted filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada. 750 F. App'x 661, 666 & n.3 (10th Cir. 2018). The United States District Court for the Central District of California has deemed Greene a vexatious litigant. *See Greene v. Men's Central Jail, et al.*, Case No. 2:11-cv-02359-UA-SS, doc. 15 (C.D. Cal. May 10, 2011). This Court takes judicial notice of the foregoing records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Greene instituted the instant action by filing a complaint against "Metropolitan Transportation Authority." (ECF No. 1 at 1).  Greene provides a Los Angeles, California address for himself, and states the Defendant is located in Los Angeles, California. Greene alleges he was riding the Defendant's Metro Line on October 2, 2023, when the driver caused him to miss his stop.  He states he is filing this case "as a civil case removal

from State Court, to the federal level on an agreed stipulation from the previous legal system within the State of Nevada," and asks this Court "to accept the case on the agreed closure terms from Nevada." *Id.* at 6, 7.  He seeks unspecified monetary relief.

## II.   Discussion

The Court first considers Greene's Application to proceed in forma pauperis. To discourage the filing of baseless litigation and conserve judicial resources, this Court has a duty to deny in forma pauperis status to those who have abused the judicial system. *See In re Sindram*, 498 U.S. 177, 180 (1991) and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  As discussed above, Greene has repeatedly filed improper cases in this Court, and it is apparent that this case is part of a pattern of that improper and abusive litigation.  And the United States Supreme Court, the Court of Federal Claims, and federal circuit and district courts have sanctioned Greene after finding that he had abused the judicial process.   The Court will therefore deny Greene's Application.

Additionally, venue does not lie in this judicial district. Greene could bring this action in: (1) a judicial district in which any defendant resides, if all defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. *See* 28 U.S.C. § 1391(b).  None of those requirements are present here.

This Court must therefore dismiss this action, or if it is in the interests of justice, transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Transfer is not in the interests of justice because Greene is an abusive litigant, and there is no indication that he filed this case in a legitimate attempt to vindicate a cognizable right.  The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1406(a).  Accordingly,

**IT IS HEREBY ORDERED** that Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of proper venue.  See 28 U.S.C. §§ 1391, 1406(a).

Dated this 30th day of July 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE